1

2

3

4

5

6

7

8

FILED & ENTERED

MAR 23 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio     DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>KSL MEDIA INC<br><br><br><br>Debtor.<br>_____<br>David K Gottlieb<br><br>Plaintiff,<br>    v.<br><br>Rodger M Landau,  Landau Gottfried &<br>Berger LLP<br><br><br>Defendants. | CHAPTER 7<br><br>Case No.:  1:13-bk-15929-MB<br>Adv No:   1:15-ap-01212-GM<br><br>**MEMORANDUM RE DEFENDANTS'<br>MOTION TO STRIKE PURSUANT TO FED.<br>R. CIV. P. 12(f)**<br><br>Date:        February 9, 2016<br>Time:       10:00 a.m.<br>Courtroom:  303<br>           21041 Burbank Blvd.<br>           Woodland Hills, CA |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to FRCP 12(f), made applicable in bankruptcy by Rule 7012(b), Defendants, Rodger Landau ("Landau") and Landau Gottfried & Berger LLP ("LGB") ("Defendants") move for an order to strike several allegations from Trustee's Complaint.

Simultaneously Landau and LGB filed a motion to dismiss and a motion for a more definite statement. The Court has prepared a detailed memorandum as to the motion to dismiss and incorporates that by reference herein.

### **Motion to Strike**

Below is a summary of the allegations Defendants seek to strike from the Complaint pursuant to FRCP 12(f):

1) All post-petition allegations relating to the first three claims for relief as they are time-barred under CCP § 340.6.

2) All allegations relating to the $2 million preferential payment to Cumberland Packing Corp. that are incorporated into the first three claims for relief as these allegations are barred by the doctrines of in pari delicto and unclean hands, as well as the one year statute of limitations under CCP § 340.6.

3) All post-petition allegations relating to the 2013 Engagement Agreement between KSL and LGB should be stricken. This Engagement Agreement was superseded by this Court's order of LGB's employment during the Chapter 11 case.

4) All post-petition allegations relating to the fourth claim for relief as the post-petition conduct has "no bearing on whether fees billed for pre-petition services constitute preferential payments." *Motion*, p. 2.

5) All post-petition allegations relating to the fifth claim for relief as the post-petition conduct has "no bearing on whether fees billed for pre-petition services should be disgorged." *Motion*, p. 2.

6) All pre-petition conduct allegations relating to the sixth and seventh claims for relief as those claims are limited to fees incurred post-petition.

Defendants urge the Court to strike any and all allegations under Rule 12(f) that are "redundant, immaterial, impertinent, or scandalous."  First, Defendants argue that the allegations of post-petition misconduct relating to the first three claims for relief are time-barred under CCP § 340.6.  As a result, Defendants contend these time barred allegations should be stricken as they only tend to confuse the issues and cause "prejudicial inferences against" Defendants. *Motion*, p. 9.

Second, Defendants argue that the allegations regarding the Cumberland payments should be stricken as Trustee is barred by the doctrines of in pari delicto and unclean hands.  In applying the doctrine of unclean hands to this case, Defendants analogize this case to the case of *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP,* 133 Cal. App. 4th 658 (2005).  Defendants assert that the doctrine is applicable because (1) there is no evidence that the Defendants sought to take advantage of Debtor's misconduct in order to unjustly enrich themselves; (2) the Complaint's allegations that the payment was for the sole purpose of shielding insiders Liebowitz and Cohen from personal liability is an admission of misconduct on the part of the KSL entities; and (3) the misconduct of the insiders regarding the same transaction in which Defendants are alleged to have committed malpractice "infects the claims in the present action and bars Plaintiff from obtaining judicial relief."   *Motion*, p. 17.

Moreover, the legal malpractice claims relating to the Cumberland payments are time-barred, as well.

Furthermore, Defendants argue that Trustee attempts to incorporate allegations of post-petition conduct into his breach of contract claims in connection with the 2013 pre-petition Engagement Agreement.  Since the post-petition conduct is not governed by the Engagement Agreement, but rather by the post-petition engagement authorized by this Court, these allegations should be stricken.

Finally, Defendants argue that the post-petition conduct allegations of the fourth and fifth claims for relief should be stricken as these claims for relief deal with pre-petition matters.  On the other hand, the pre-petition allegations relating to LGB's post-petition fee claims in the sixth and seventh claims for relief should also be stricken.

## Opposition

Trustee argues that Defendants' Motion is baseless and does not satisfy the burden under Rule 12(f).  A Rule 12(f) Motion will be granted if the Motion serves the purpose of saving the parties and the court's time and resources.  However, Trustee argues that most Rule 12(f) Motions are "strategically designed to waste time and money." *Opposition*, p. 5.  The instant Motion is no exception.  Absent real proof of prejudice by the Defendants, this Motion must be denied.

Trustee argues that Defendants' Motion to Dismiss is evidence that the Complaint has put them on notice of the complete nature and substance of Trustee's claims.  Thus, the instant Motion is Defendants' attempt to continue to burden the Trustee with repetitive arguments that have no support in law or in fact.  Again, Defendants have failed to demonstrate any prejudice by the Complaint and, therefore,

1  the Motion to Strike should be denied.

2

3                                    **Reply**

4

5          Trustee's Opposition fails to address any of Defendants' arguments in the Motion

6  to Strike.  Moreover, Defendants allege that Trustee relies on Rule 12(f) case law that is

7  misplaced and inapposite.  Finally, Trustee erroneously attempts to convince this Court

8  that Defendants must show prejudice for the Court to grant a Motion to Strike.  There is

9  no binding Ninth Circuit authority that requires a party to show prejudice to prevail on a

10  Motion to Strike.  Nonetheless, Defendants assert that if the Motion is not granted,

11  Defendants will be forced to perform unnecessary discovery and it will be very difficult

12  for Defendants to file a proper motion for summary judgment.  Thus, striking certain

13  allegations of the Complaint will streamline the Complaint and resolve the pleading

14  defects.

15

16

17                                  **Analysis**

18          **FRCP 12(f) Legal Standard:**

19          Rule 12(f) provides that a court "may strike from a pleading an insufficient

20  defense or any redundant, immaterial, impertinent, or scandalous matter."  The function

21  of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

22  from litigating spurious issues by dispensing with those issues prior to trial.

23  *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010).

24          Here, Defendants request the Court strike numerous allegations throughout the

25  Complaint.  This is despite having already filed a Motion to Dismiss and a Motion for

26  More Definite Statement.

27

28

In the instant Motion, Defendants, once again raise the statute of limitations argument. This has been dealt with in the ruling on the Motion to Dismiss and these claims are being dismissed. However, post-petition conduct is not irrelevant so long as the issue of post-petition administrative fees is not yet resolved. For that reason, the Court wishes to deal with the issue of in pari delicto and unclean hands, since they will certainly be brought up again.

Among the arguments put forth as to striking the allegations in the first three claims for relief, Defendants argue that the in pari delicto and unclean hands doctrines bar all claims arising out of the alleged wrongdoing related to the Cumberland preference payment. The wrongdoing allegations in connection with the Cumberland payment arise from a settlement agreement between Debtor KSL and Cumberland, which existed prior to the retention of LGB. Under the terms of the settlement agreement, Mr. Liebowitz and Mr. Cohen, owners of KSL and the only two members of its Board, would be personally liable if KSL did not pay. The Complaint alleges that there was a preferential payment made on the eve of bankruptcy, that LGB was negligent in advising that the payment be made, and that the payment was made solely to benefit these two insiders.

At the hearing, Defendant's counsel explained:

Two board members, self-interested, approved that payment for their own benefit. You cannot- when you are committing the wrong and you're committing it for your own benefit, you cannot blame the lawyer, even if the lawyer gave advice to make the payment. That is the heart and soul of the unclean hands and in pari delicto defenses, neither of which were addressed, rebutted, or refuted by the Trustee's opposition.

On the other hand, Plaintiff's counsel, at the hearing, asserted:

[T]he proper approach on this was to be addressed in the motion to dismiss. They've taken their best shot on that.  This isn't subject to a motion to strike. None of this is so prejudicial it should be stricken from the complaint.  It's not that sort of argument.

The doctrine of in pari delicto dictates that when a participant in illegal, fraudulent, or inequitable conduct seeks to recover from another participant in that conduct, the parties are deemed in pari delicto and the law will aid neither, but rather, will leave them where it finds them.  *Uecker v. Zentil*, 244 Cal. App. 4th 789, 792 (2016); citing, *Casey v. U.S. Bank Nat. Assn.,* 127 Cal.App.4th 1138, 1143 (2005).  In *Peregrine Funding,* the court held that if the in pari delicto doctrine "would have barred claims if asserted by a company prior to bankruptcy, the doctrine also bars them when asserted by the bankruptcy trustee suing on behalf of the company's bankruptcy estate." *Peregrine Funding, Inc. v. Sheppard Mulllin Richter & Hampton, LLP,* 133 Cal.App.4th 658 (2005).

At the hearing, Defendant cited to the *Uecker* case which relies on the *Peregrine* case where the court explained that under 11 U.S.C. § 541(a)(1) "a bankruptcy trustee succeeds to claims held by the debtor as of the commencement of bankruptcy.  Section 541 of the Bankruptcy Code thus requires that courts analyze defenses to claims asserted by a trustee as they existed at the commencement of bankruptcy, and later events (such as the ouster of a wrongdoer) may not be taken into account.  *Peregrine Funding* 133 Cal.App. 4th at 680.

Further, "in the context of an unclean hands defense, this means a bankruptcy trustee stands in the shoes of the debtor and may not use his status as an innocent

successor to insulate the debtor from the consequences of its wrongdoing.  The debtor's unclean conduct – i.e., it's participation in the scheme that defrauded investors of millions- must therefore be considered without regard to the trustee's succession." *Id.*

Therefore, if Debtor is involved in some wrongdoing, the Trustee, while an innocent successor, may not insulate the estate from the consequence of the Debtor's wrongdoing.  Rather, the Trustee stands in the shoes of the Debtor.  *Id.*  Based on the applicable case law, the Court agrees with Defendants that Trustee's claims are subject to the in pari delicto and unlean hands defenses.  Trustee's Complaint specifically establishes that Debtor approved of the $2 million payment to Cumberland.  *See,* Complaint pgs. 12-13.  *Peregrine Funding,* 133 Cal. App.4th at 681 (Where, as here, a plaintiff's own pleadings contain admissions that establish the basis of an unclean hands defense, the defense may be applied without a further evidentiary hearing.) Since Trustee stands in the shoes of the Debtor, the Trustee cannot now shield himself against Defendants' properly asserted defenses of in pari delicto and unclean hands in connection with the Cumberland payment.

Based on the foregoing, the Court finds that Defendant's defenses of in pari delicto and unclean hands are applicable in this case and the Cumberland allegations should be stricken from the Complaint.

As to the fourth claim for relief, Defendants ask the Court to strike allegations relating to post-petition conduct as the post-petition conduct bears no relation to fees paid for pre-petition services.  While this may or may not be true, the Court, in its ruling on the Motion to Dismiss, does acknowledge that the fourth claim for relief is deficient. As a result, the Court has allowed Trustee to amend the fourth claim for relief should he

1  wish to keep Landau as a Defendant.

2       As with the fourth claim for relief, Defendants similarly argue the fifth claim for

3  relief contains allegations relating to post-petition conduct that bears no relation to fees

4  paid for pre-petition services. As such, allegations relating to post-petition conduct

5  incorporated in this claim for relief should be stricken.  While allegations have been

6  incorporated through boilerplate language, (see *Complaint*, p. 20, par. 141), this

7  incorporation does not lead to "unwarranted or prejudicial inferences" nor does the

8  statement unnecessarily complicate the issues of this claim for relief.  *Fantasy, Inc. v.*

9  *Fogerty,* 984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

10  The issues are clearly stated and the Court does not find the allegations to be

11  redundant so as to warrant the striking of the material.

12       Finally, in its ruling on the Motion to Dismiss, the Court agreed with the

13  Defendants that the sixth and seventh claims for relief are premature.  *See,* Court's

14  ruling on the Motion to Dismiss.  Therefore, the request to strike allegations concerning

15  the sixth and seventh claims for relief is moot.

### Ruling

     Deny the Motion to Strike.

### Preparation of the Order

     Counsel for Defendants is to prepare the Order in conformance with this

Memorandum and is to send it to opposing counsel for review.  Hopefully both parties

can agree to the form of the order.  If not, counsel for Defendants is to lodge its

proposed order and the Court will hold it for the lodging period so that objections can be

1   filed.  The proposed order is to be lodged no earlier than April 14, 2016 unless LGB has

2   filed an administrative claim prior to that time.  It is to reflect whether an administrative

3   claim was filed and treat the ruling on motion to dismiss the sixth and seventh claims for

4   relief accordingly.

5

6

7           ###

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Date: March 23, 2016

Geraldine Mund
United States Bankruptcy Judge

26

27

28