**FILED & ENTERED**

MAR 23 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>KSL MEDIA INC<br><br>　　　　　　　　　　　Debtor.<br><br>David K Gottlieb<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br><br>Rodger M Landau, Landau Gottfried & Berger LLP<br><br>　　　　　　　　　　　Defendants. | CHAPTER 7<br><br>Case No.:  1:13-bk-15929-MB<br>Adv No:    1:15-ap-01212-GM<br><br>**MEMORANDUM RE DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**<br><br>Date:         February 9, 2016<br>Time:        10:00 a.m.<br>Courtroom:  301<br>　　　　　  21041 Burbank Blvd.<br>　　　　　  Woodland Hills, CA |

Pursuant to FRCP 12(e), made applicable in bankruptcy by Rule 7012(b), Defendants, Rodger Landau ("Landau") and Landau Gottfried & Berger LLP ("LGB") ("Defendants") move for an order requiring Plaintiff David Gottlieb ("Trustee") to provide

-1-

a more definite statement of the claims asserted in Trustee's Complaint.

Simultaneously Landau and LGB filed a motion to dismiss and a motion to strike. The Court has prepared a detailed memorandum as to the motion to dismiss and incorporates that by reference herein.

## Motion

Defendants request that the Court order Trustee to provide a more definite statement of the claims and allegations asserted in Trustee's Complaint. Defendants contend that the Complaint fails because it attempts to lump together claims against Defendants that arose pre-petition and post-petition.

<u>The Complaint is a "shotgun" pleading and violates FRCP 8(a)(2)</u>

Defendants assert that Trustee's Complaint is "a classic example of a shotgun pleading." *See,* Motion for More Definite Statement, p. 6. Defendants argue that Trustee's Complaint includes a long recitation of general allegations that then get incorporated by reference into each claim for relief. This makes for a disjointed, vague pleading. For instance, the Complaint captions Landau and LGB as Defendants but does not specify which allegations apply to Landau and which apply to LGB. Further, the Complaint lumps together pre-petition activities with post-petition activities. As a result, the Complaint fails to meet the short and plain statement requirements of FRCP 8(a)(2). These short-comings make for an unacceptable Complaint. As such, the Court should order Trustee to file a more definite statement.

<u>The Complaint violates FRCP 10(b) by improperly lumping allegations arising out of separate transactions together in each claim for relief</u>

Defendants assert that Trustee's claims for pre-petition misconduct and post-petition misconduct should be pled as separate claims for relief. First, the identities of

-2-

the clients are different pre-petition and post-petition.  Prior to the bankruptcy filing, Defendants represented KSL, as a separate legal entity.  However, upon the filing of the bankruptcy until December 30, 2013, the date of the conversion, Defendants represented Debtors as representatives of their bankruptcy estates.

Second, the pre-petition claims and the post-petition claims are subject to different statutes of limitation.  Defendants assert that 11 U.S.C. § 108(a) applies to pre-petition conduct.  Under Section 108(a), the statute of limitations period is extended in that claims relating to pre-petition conduct are tolled for two years following the petition date.  However, claims relating to post-petition conduct are subject to the one year statute of limitations under Cal. Civ. Proc. Code Section 340.6(a)(1).  Thus, Defendants argue that Trustee should be required to amend his pleading and plead claims for pre-petition conduct and post-petition conduct separately.

Furthermore, claims relating to the Cumberland payment should be pled separately, as well.  The Complaint combines the alleged "Cumberland misconduct" with other misconduct.  This is improper since the Cumberland activity involves a completely discrete set of circumstances and a different injury from the other alleged misconduct.

Finally, Trustee should be ordered to amend the Complaint to plead with specificity the relief sought against each Defendant in connection with each of the seven claims for relief.

Based on the foregoing, Defendants request the Court order Trustee to amend his Complaint.

**Opposition**

In response to the instant Motion, Trustee asserts (1) the Motion is not a "shotgun" pleading; and (2) the Complaint sufficiently provides LGB and Landau with fair notice of the crux of Trustee's claims satisfying the pleading standards of Rule 8(a). Trustee argues that Defendants' Motion is an attempt to harass the Trustee and is a waste of the Court's resources.

Trustee relies on a great deal of authority for the proposition that Rule 12(e) motions are strongly disfavored and denied because of the lenient pleading standards of Rule 8(a).  Along those lines, Trustee argues that his Complaint unequivocally provides Defendants with the requisite notice of the claims against them.  In support of this, Trustee indicates that Defendants asked for just one clarification regarding the Complaint prior to the filing of their motions.  Defendants never complained of the alleged "shotgun" pleading or any other defects.  The fact that Defendants filed a motion to dismiss, which is a response to the Complaint, is evidence of the fair notice given to Defendants.  Therefore, Rule 8(a)'s pleading standards have been satisfied.

Finally, Trustee rejects Defendants' shotgun pleading assertions.  The Complaint is not reckless and does not contain an overwhelming, unclear mass of allegations.  The Complaint contains only seven claims and only two defendants.  Defendants have failed to show they cannot effectively respond to the Complaint.  Thus, the Court should deny the Motion.

**Reply**

Defendants argue that Trustee has failed to respond to their contention that the Complaint contains pleading defects that cannot be resolved through the discovery process.  Specifically, Trustee's Complaint impermissibly lumps together claims based

on pre-petition conduct and claims based on post-petition conduct. Defendants contend these claims should be separate claims as they involve "entirely different transactions" and different statutes of limitations.

Furthermore, Trustee's contentions that the Complaint provides sufficient detail to overcome Defendants' shotgun pleading argument does not address the true defects of the Complaint. Defendants allege that the defects in the Complaint make it "impossible to determine the nature of the claims alleged, or which allegations apply to which Defendant, with sufficient precision to respond." *See, Reply* 5-6. As such, a 12(e) motion is completely appropriate in this instance.

Finally, Defendants reiterate that this Motion was brought in an effort to require Trustee to amend his Complaint to cure defects in pleading. The Motion does not address substantive issues. The Court must compel Trustee to amend his Complaint and thereby satisfy the federal pleading requirements.

## **Analysis**

**FRCP 12(e) legal standard:**

Rule 12(e) provides "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) is designed to strike at unintelligibility, rather than want of detail. *Beco Dairy Automation v. Global Tech Systems,* 2015 U.S. Dist. LEXIS 130503, *9 (E.D. Cal. Sept. 28, 2015); *Young v. Mandeville,* 2006 U.S. Dist. LEXIS 63959 (E.D. Cal. Aug. 28, 2006). The function of a 12(e) motion is not to require the pleader to disclose details of the case, *Boxall v. Sequoia Union High School Dist.,* 464 F.Supp. 1104, 1114 (N.D. Cal. 1979), nor to

provide the evidentiary material that may properly be obtained by discovery. *Beco Dairy Automation,* 2015 U.S. Dist. LEXIS 130503 at *10; *Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D. Cal. 1981). A motion for more definite statement should be denied if a pleading meets federal standards by providing a "short and plain statement" of the claim showing that the pleader is entitled to relief. *Beco Dairy Automation at *10; See also,* Fed. R. Civ. P. 8(a)(2).

By way of this Motion, Defendants seek to persuade the Court that Trustee's Complaint is seriously deficient . Defendants argue that should the Court allow claims to survive Defendants' Motion to Dismiss, then the Court should order Trustee to amend his Complaint in accordance with the standards outlined in FRCP 12(e). Specifically, Defendants assert the Complaint is vague and ambiguous and contains numerous pleading defects. As a result, Defendants are unable to properly respond to the relief sought by Trustee.

Defendants argue the following: (1) Trustee's Complaint impermissibly lumps together claims based on pre-petition conduct and claims based on post-petition conduct; (2) the Complaint fails to specify which claims relate to LGB and which relate to Landau, personally; and (3) the Complaint is a "shotgun pleading" which confusingly incorporates allegations which make it impossible to determine what relief is being sought.

The ruling on the Motion to Dismiss resolves some of the arguments. The Court is dismissing the first, second, and third claims for relief (dealing with the asserted post-petition conduct  of Defendants). Thus this motion as to the allegations concerning such conduct is moot except as to a possible fee application.

Further, the Court is not convinced by Defendants' arguments. Rather, the Court

finds that the Complaint adequately sets forth that the gravamen of the action is allegations of "Defendants' negligent, disloyal and otherwise improper conduct through which they exploited their retention as the Debtors' counsel while wholly abandoning their professional obligations to those clients." Complaint, p.2. The Complaint further addresses excessive fees incurred by Defendants, both pre-petition and post-petition, and specifically seeks to recover those fees, as well as recover damages for the alleged professional negligence, breach of fiduciary duty, and breach of contract.

The Court has found, in its ruling on the Motion to Dismiss, that the fourth claim for relief is deficient and the Trustee must amend that claim should he wish to keep Landau as a defendant. However, the remaining allegations of the Complaint sufficiently notify Defendants of the claims. The Court has also dismissed the first, second, and third claims for relief on the basis of statute of limitation. The Court finds that the balance of the allegations and claims in the Complaint are intelligible and provide Defendants with enough to frame a responsive pleading.

### Ruling

Deny the Motion for a More Definite Statement.

### Preparation of the Order

Counsel for Defendants is to prepare the Order in conformance with this Memorandum and is to send it to opposing counsel for review. Hopefully both parties can agree to the form of the order. If not, counsel for Defendants is to lodge its proposed order and the Court will hold it for the lodging period so that objections can be filed. The proposed order is to be lodged simultaneously with the proposed orders on

the motion to strike and on the motion to dismiss. This is for convenience of the parties in case an appeal is taken from one or more of these orders.

###

Date: March 23, 2016

Geraldine Mund
United States Bankruptcy Judge