FILED & ENTERED

JUN 21 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

In re:

KSL MEDIA INC

                                                    Debtor.

_____

David K Gottlieb

                                                    Plaintiff,

        v.

Fulcrum 5 Inc,  Fulcrum 5 Inc, Rodger M
Landau,  Landau Gottfriend & Berger
LLP,  TV 10's LLC,  TV 10's LLC

                                                    Defendants.
_____

CHAPTER 7

Case No.:  1:13-bk-15929-MB
Adv No:   1:15-ap-01212-GM

**MEMORANDUM DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 59(e)**

Date:       June 7, 2016
Time:       10:00 a.m.
Courtroom: 303
                21041 Burbank Blvd.
                Woodland Hills, CA

By way of this Motion and pursuant to Fed. Rule Civ. Proc. 59(e), Plaintiff David K. Gottlieb ("Plaintiff" or "Trustee") asks the Court to reconsider its Order Granting in Part and Denying in Part Defendants' Motion to Strike entered on April 21, 2016 ("Order").  Trustee requests the Court amend that portion of the Order which strikes from the Complaint the allegations relating to the $2 million preferential payment to Cumberland Packing Corporation.  Trustee asserts that the Court erroneously concluded that these allegations are subject to the in pari delicto and unclean hands defenses.  Specifically, Trustee asserts the Court erred by (1) adjudicating the affirmative defenses on a pre-discovery motion; (2) resolving on a motion to strike issues of material fact inherent in both affirmative defenses; (3) resolving on a motion to strike the unsettled legal question of whether the in pari delicto defense is applicable to a bankruptcy trustee; and (4) striking the allegations absent any demonstration of prejudice to the Defendants, Roger Landau and Landau Gottfried & Berger, LLP ("LGB" or collectively "Defendants").

Trustee relies on Rule 59(e) as authority for the Court to amend its April 21, 2016 Order.  Under Rule 59(e), Trustee contends relief is warranted where "the court committed a clear error or the initial decision was manifestly unjust." *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001);  Motion, p. 9.  Trustee argues that the Court committed clear error since by sustaining the in pari delicto and unclean hands defenses, it improperly resolved disputed factual issues and an unsettled legal question in a pre-discovery motion to strike.  Trustee contends this ruling was premature and will unduly prejudice the Trustee and the estate's creditors.

**1. Striking the Cumberland Payment allegations was Clear Error by the Court**

Trustee contends that this Court erred in striking the allegations regarding the Cumberland payments. Trustee reminds this Court that motions to strike are clearly disfavored by the 9th Circuit and beyond. Moreover, the 9th Circuit has recognized that disputed factual issues and unsettled legal questions may not be resolved on a motion to strike. *See,* Motion, p. 10, citing *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 974 (9th Cir. 2010).

**A. The Court Erred in Adjudicating the Affirmative Defenses by way of a Pre-Discovery Motion, such as the Motion to Strike**

Trustee argues there is much legal authority to support his assertion that a motion to strike is not the proper platform from which to adjudicate the in pari delicto and unclean hands defenses. Trustee cites to numerous cases where these affirmative defenses were adjudicated by way of a motion to dismiss or motion for summary judgment. Moreover, Trustee contends that the Court's reliance on *Uecker v. Zentil,* 244 Cal. App. 4th 789 (Cal. Ct. App. 2016)[1] and *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP,* 133 Cal. App. 4th 658 (Cal. Ct. App. 2005) is misplaced. Trustee argues that these cases fail to support the Court's adjudication of these affirmative defenses by way of a motion to strike.

---

[1] The *Uecker* cases deal with in pari delicto and specifically 11 U.S.C. §541 and the application of in pari delicto to a bankruptcy trustee. *See, Uecker v. Zentil,* 244 Cal. App. 4th 789 (Cal. Ct. App. 2016); and *Uecker v. Wells Fargo Capital Fin., LLC (In re Mortgage Fund '08 LLC),* 527 B.R. 351 (N.D. Cal. 2015). The Court also notes that the publication status of *Uecker v. Zentil* changed from unpublished to published on February 5, 2016.

**B.  The Court Erred in Resolving Material Factual Issues Prematurely**

Trustee argues that there are fact issues that go to the heart of both defenses. For instance, with in pari delicto, it is crucial to analyze which party is more morally blameworthy, the plaintiff or the defendant.  As such, the doctrine of in pari delicto involves a fact-intensive assessment of balancing the parties' culpability.

Trustee argues that to sustain the defense of in pari delicto the Court must have determined that the Debtors were at least as culpable as Defendants, their counsel who advised of the Cumberland payment.  This type of a factual determination, prior to the taking of discovery, is not a proper one especially on a motion to strike.  Trustee further asserts that the critical question is whether the Debtors' representatives, Liebowitz and Cohen, should have known that the Cumberland payment would become avoidable as a matter of law.  A motion to strike cannot properly resolve this issue.

Just as the in pari delicto doctrine is fact-sensitive, so too is the unclean hands doctrine.  As such, adjudicating this affirmative defense by way of a motion to strike is improper.  Trustee urges the Court recognize that the application of this defense remains primarily a question of fact.  Trustee should have had the opportunity to perform discovery prior to the Court making its ultimate decision concerning the affirmative defense.  Trustee argues that "by sustaining the unclean hands defense, the Court necessarily determined that Defendants somehow were seriously injured by the Debtors' conduct with respect to the Cumberland Payment.  Similarly, the Court necessarily determined that the Defendants did not profit from their role in the Cumberland Payment."  Motion, p. 21.  Thus, given the factual nature of this defense, the Court should have declined to apply the defense at this stage in the litigation.

*Citing, POM Wonderful, LLC vs. Tropicana Prods.,* 2010 U.S. Dist. LEXIS 99280, at *1-2 (C.D. Cal. Sep. 7, 2010).

### C.  The Court Erred in Resolving the Unsettled Legal Question of Whether the In Pari Delicto Affirmative Defense Applies to Bankruptcy Trustees

Trustee reminds the Court that the Ninth Circuit has not resolved the question of whether the in pari delicto defense is applicable to bankruptcy trustees.  Moreover, Trustee asserts there are strong policy reasons for excluding bankruptcy trustees from the application of this doctrine.  Trustee also points out that LGB, in an appellate brief in the case of *In re Estate Fin. Mortgage Fund, LLC,* argued that public policy favors liberating bankruptcy trustees from the defense of in pari delicto.  *In re Estate Fin. Mortgage Fund, LLC,* 2013 WL 950466, at *24 (9th Cir. Nov. 27, 2013).  For instance, Trustee asserts that Congress specifically contemplated that a defense against a debtor may be ineffective against a trustee, notwithstanding Section 541(a)(1).  Trustee cites to 124 Cong. Rec. 32,399 (1978):  "As section 541(a)(1) clearly states, the estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case.  To the extent such an interest is limited in the hands of the debtor, it is equally limited in the hands of the estate except to the extent that defenses which are personal against the debtor are not effective against the estate."

Also, Trustee cites to *F.D.I.C. v. O'Melveny & Meyers (O'Melveny I),* 969 F.2d 744 (9th Cir. 1992), *rev'd,* 512 U.S. 79 (1994), and *F.D.I.C. v. O'Melveny & Meyers (O'Melveny II),* 61 F.3d 17 (9th Cir. 1995) to further highlight policy reasons weighing against the application of the in pari delicto defense to bankruptcy trustees.  The 9th Circuit found that the in pari delicto defense did not operate to impute a bank's

inequitable conduct to its receiver.  Trustee notes that however the Ninth Circuit

ultimately resolves the in pari delicto question, the point is that the motion to strike was

not the proper way for the Court to resolve this unsettled legal question.


### D.  The Court Erred in that Defendants Failed to Show Prejudice

Finally, Trustee asserts that under Rule 12(f), a party seeking relief must

demonstrate prejudice if the relief is not granted.  Trustee, again, cites to numerous

cases in support of this proposition concerning the existence of prejudice.

In its Order, the Court failed to find that the Cumberland payment allegations

were prejudicial to the Defendants.  If the allegations were not stricken with respect to

the state law claims, the Defendants would face no greater discovery burden that they

already are dealing with in connection with the pending bankruptcy claims.  Moreover,

Defendants failed to present any evidence demonstrating the requisite prejudice.  Thus,

the claims should not have been stricken.


**Opposition:**

Defendants oppose Trustee's Motion for Reconsideration.  In summary,

Defendants assert the following:  (1) Trustee is not entitled to reconsideration by this

Court as the Trustee has failed to demonstrate the Court's ruling was in clear error; (2)

a Motion to Strike is the proper vehicle to dispose of the allegations at issue; and (3)

Trustee should not be allowed to now submit new arguments in his Motion for

Reconsideration, including that the in pari delicto and unclean hands defenses do not

apply to bankruptcy trustees and the defenses are inherently fact sensitive and not to be

adjudicated during the pleading stage.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1.  Trustee has not Demonstrated that the Court Committed Clear Error

First, Trustee attempts to raise arguments in his Motion for Reconsideration that he did not set forth in his Opposition to the Motion to Strike.  Defendants assert that the 9th Circuit has established that a Motion for Reconsideration may not be used to raise arguments for the first time when they should have been raised earlier.  *Citing, Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003).

Second, Defendants argue Trustee has not demonstrated that the Court committed clear error in her ruling.  Contrary to the Trustee's claims, Defendants argue Trustee has not cited binding case law that the Court failed to apply, nor has Trustee set forth any reason why the Court should consider his new arguments concerning the equitable defenses of in pari delicto and unclean hands.  Thus, the Trustee's arguments are without merit.

### 2.  Trustee's Arguments are Without Merit

Even though Defendants firmly believe the Court's Order is correct and Trustee should not be allowed to set forth new arguments in the instant Motion, that being said, Defendants' assert Trustee's arguments in the Motion are without merit.

### A.  A Motion to Strike is the Proper Vehicle to Adjudicate the Affirmative Defenses

Defendants argue the Court did not err in striking the Cumberland allegations based on the in pari delicto and unclean hands defenses.  Defendants rely on *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524 (9th Cir. 1993) contending it is controlling case law regarding motions to strike.  Under a Rule 12(f) Motion, a court may strike any portion of

a pleading that is redundant, immaterial, impertinent, or scandalous.  Fed. R. Civ. P. 12(f).  Here, the Court correctly struck the Cumberland allegations as they are immaterial and impertinent because allegations barred by a defense no longer have a relationship to a claim for relief.  Opposition to Motion for Reconsideration, p. 11.

Defendants contend that since the Trustee included all the Cumberland allegations in his general allegations and then incorporated them by reference into the three state law claims, this left Defendants with no other means to challenge the allegations other than by way of a Motion to Strike.  Furthermore, Defendants distinguish the *Whittlestone* case from this case.  Defendants contend that in *Whittlestone*, the Ninth Circuit reversed the order striking the claims because a meritorious claim had been alleged and could not be stricken.  Here, the Cumberland allegations are immaterial because they are barred by the affirmative defenses.

Finally, Defendants contend that the Court applied the correct standard in striking the Cumberland allegations.  Trustee asserts that in striking the allegations the Court attempted to resolve factual issues and disputed legal questions at the early pleading stage.  Trustee contends this demonstrates error by the Court.  However, Defendants refute this proposition because Defendants' Motion to Strike did not call upon the Court to resolve disputed legal questions or factual issues.  Once again, Defendants reiterate that the Court properly struck immaterial allegations based on supportive case law and affirmative defenses.

### B.  Trustee's Allegations Establish the In Pari Delicto and Unclean Hands Defenses

There is overwhelming case law that allows a court to dispose of claims at the pleading stage if a plaintiff's allegations establish affirmative defenses which would bar those claims.  *See, Uecker,* 244 Cal. App. 4th 789; and *Peregrine Funding,* 133 Cal. App. 4th 658.  Trustee contends the Court committed clear error in striking the Cumberland allegations at the pleading stage.  However, Defendants argue that had Trustee framed his Complaint differently, Defendants would have moved under Rule 12(b)(6) to dismiss the Cumberland claims, and the same result would have occurred.

Defendants assert that the Court's Memorandum striking the allegations clearly articulates the standard for the application of the in pari delicto and unclean hands defenses.  Moreover, in its Memorandum, the Court then demonstrated that the Complaint establishes that Debtor approved of the $2 million payment to Cumberland.  As Debtor supported the payment to Cumberland, the Court correctly noted the Trustee now stands in the shoes of the Debtor and cannot now shield himself against the affirmative defenses in connection with the payment.  *See* Opposition, p. 19.

Trustee attempts to convince the Court that the 9th Circuit case law remains unsettled as to whether the in pari delicto and unclean hands defenses may be applied to the bankruptcy trustees.  Defendants dispute Trustee's assertion and argue that "every federal Circuit Court of Appeals that has reached the issue has held that the *in pari delicto* defense may be invoked against a bankruptcy trustee."  Opposition, p. 19.  More importantly, federal courts in the Ninth Circuit have applied the defense to bankruptcy trustees.  *Uecker,* 527 B.R. at 368.  Moreover, Defendants contend that Trustee's reliance on the O'Melveny cases, as well as *In re Estate Fin. Mortgage Fund*

*LLC,* is misplaced.  For instance, in the *In re Estate Fin. Mortgage Fund* case, the 9th Circuit held that the allegations in the complaint did not establish the affirmative defenses.  Opposition, pgs. 21-22.  Finally, while the 9th Circuit stated the affirmative defenses did not apply in that case, Defendants argue that this implicitly means the defenses could be invoked against a bankruptcy trustee with the right set of circumstances.  Opposition, pgs. 21-22.

Also, Defendants contend that Trustee's argument that the application of the in pari delicto and unclean hands defenses is inherently fact sensitive is incorrect.  Defendants assert that Trustee's argument overstates what a court must do to find that these defenses bar a claim.  Again, Defendants reiterate that the allegations of the Trustee's Complaint specifically admit that the payment to Cumberland, approved by KSL's Board, was intended primarily to benefit Debtors' insiders.  These allegations involve wrongdoing which was "obviously wrongful."  *In re Estate Fin. Mortg. Fund,* 565 Fed. Appx. at 630.  Since these affirmative defenses bar wrongful conduct, the application of the defenses is warranted.

Finally, Defendants disagree with Trustee's argument that prejudice is required when requesting that allegations be stricken from a complaint.  Defendants cite to numerous cases in the Ninth Circuit that conclude that prejudice is not required.  Further, Defendants contend that while prejudice is not required, Defendants would be prejudiced if the allegations are not stricken.  A denial of the Motion to Strike would force Defendants to conduct unnecessary and expensive discovery relating to the Trustee's claims for professional liability.

Therefore, based on the foregoing, Defendants request the Court deny Trustee's Motion for Reconsideration.

1

**Trustee's Reply:**

2

      In response to the Defendants' Opposition, Trustee sets forth the following

3

arguments:

4

5

     1.  Defendants have failed to identify any authority to support the conclusion that

6

        their Motion to Strike was an appropriate vehicle to adjudicate the affirmative

7

        defenses of in pari delicto and unclean heands.  Rather, Defendants cite to

8

        numerous cases in which courts have applied the defenses at the pleading

9

        stage, but not involving a Rule 12(f) motion.  Trustee asserts this is an

10

        important distinction since, for example, a 12(b)(6) motion is subject to a

11

        different standard than a 12(f) motion.  Had the Defendants moved under

12

        12(b)(6) in connection with the Cumberland payments, the Trustee would

13

        have opposed the motion based on the standards of 12(b)(6).  While

14

        Defendants rely on the *Uecker and Peregrine Funding* cases, these cases do

15

        not involve a motion to strike.  Trustee notes that *Uecker* involved a demurrer

16

        and *Peregrine Funding* involved a special motion to strike which is analogous

17

        to a motion to dismiss.  Thus, neither case supports Defendants' argument

18

        that a 12(f) motion is procedurally appropriate to determine whether the

19

        Cumberland allegations should be barred by the in pari delicto and unclean

20

        hands defenses.

21

22

23

24

25

     2. The doctrines of in pari delicto and unclean hands are inherently fact-

26

        sensitive and should not have been resolved on a motion to strike.

27

28

Defendants fail to explain how the Court could have made a factual determination in regards to these defenses absent a fully developed record.

3. The Ninth Circuit has not yet resolved the issue of whether the defense of in pari delicto may be applied to bankruptcy trustees.  Trustee cites the *Huntsberger* case where the Oregon bankruptcy court stated there is "no binding authority to support the application of in pari delicto against" a bankruptcy trustee.  *Huntsberger v. Umpqua Holdings Corp. (In re Berjac of Oregon),* 538 B.R. 67, 86-87 (D. Ore. 2015).  As there is no controlling Ninth Circuit precedent, this Court should have, at least, waited until a motion for summary judgment was filed to address this issue.

4. Defendants failed to demonstrate the requisite prejudice in their motion to strike.  Yet, in their Opposition to the Motion for Reconsideration, Defendants contend they would be prejudiced because they would be forced to conduct unnecessary discovery.  Trustee asserts this is contradictory to Defendants' further statements where they acknowledge that discovery into the Cumberland payment would continue, anyway, because the payment remains relevant to the Trustee's other claims brought under the Bankruptcy Code.

5. Trustee has not waived the arguments he has set forth in the Motion for Reconsideration.  First, Trustee asserts that in his Opposition to the Motion to Strike, he argued that the Defendants legal points should be addressed in a motion to dismiss or a summary judgment motion and not in a motion to

strike.  Moreover, the circumstances did not allow Trustee to provide a more

detailed response in his Opposition to the Motion to Strike.  Defendants'

previous counsel had bombarded Trustee with a motion to strike, a motion to

dismiss and a motion for a more definite statement.  The responses to these

motions were all due on the eve of the Thanksgiving holiday.  Trustee

contends that the "gamesmanship in which former counsel engaged should

not be rewarded now by insisting that in opposing the motion to strike the

Trustee should have included a more granular challenge" to the affirmative

defenses.  Reply, p. 15.

        For the above reasons, Trustee requests the Court reconsider and amend its

Order and reinstate the Cumberland payment allegations with respect to the claims for

professional negligence, breach of fiduciary duty and breach of contract.

**Analysis:**

### Standard for Motion for Reconsideration

        F.R.C.P. 59(e) governs motions for reconsideration.   In ruling on a motion for

reconsideration, the Ninth Circuit has adopted the following standard where the motion

"should not be granted, absent highly unusual circumstances, unless the district court is

presented with newly discovered evidence, committed clear error, or if there is an

intervening change in the controlling law." *McDowell v. Calderon,* 197 F.3d 1253, 1255

(9th Cir. 1999).  Further, "since specific grounds for a motion to amend or alter are not

listed in the rule, the district court enjoys considerable discretion in granting or denying

the motion.  However, reconsideration of a judgment after its entry is an extraordinary

remedy which should be used sparingly.  There are four basic grounds upon which a

Rule 59(e) motion may be granted.  First, the movant may demonstrate that the motion

is necessary to correct manifest errors of law or fact upon which the judgment is based.

Second, the motion may be granted so that the moving party may present newly

discovered or previously unavailable evidence.  Third, the motion will be granted if

necessary to prevent manifest injustice.  Fourth, a Rule 59(e) motion may be justified by

an intervening change in controlling law.  11 Charles Alan Wright et al., Federal Practice

and Procedure, Section 2810.1 (2d ed. 1995).

## Is the Motion to Strike a Procedurally Proper Route for Adjudicating the Affirmative Defenses of In Pari Delicto and Unclean Hands?

Trustee argues that the Court erred in allowing the Motion to Strike to proceed

and, specifically, to adjudicate the affirmative defenses by way of the Motion to Strike.

Trustee asserts it was premature for the Court to rule on the application of the defenses

through a Motion to Strike.  Moreover, Trustee contends there is no binding authority to

support the application of these affirmative defenses through a motion to strike.  In

support of this proposition, Trustee cites case law involving these defenses at the

pleading stage, but not within the parameters of a motion to strike.

First, the Court is not persuaded by Trustee's argument that the Defendants' bad

faith conduct prohibited Trustee from advancing more detailed arguments in his initial

Opposition to the Motion to Strike.  Defendants filed three motions:  a Motion to

Dismiss; a Motion to Strike; and a Motion for a More Definite Statement.  Although the

Motions were all filed at the same time, Trustee had adequate opportunity to respond to

all of the Motions.  Moreover, the entire Complaint was before the Court.  In his Reply,

Trustee argues that the circumstances orchestrated in bad faith by the Defendants'

former counsel did not allow for a more detailed treatment of why the in pari delicto and

unclean hands defenses were not the proper subjects of a Rule 12(f) motion.  *See,*

Reply, p. 4.  The Court disagrees with the Trustee's attempt to promote an argument

based on an alleged technicality and disagrees with the proposition that the

circumstances of the case prevented a more detailed opposition to the motion to strike.

Indeed, the Trustee prepared very thorough and adequate oppositions to the Motion to

Dismiss, as well as to the Motion for a More Definite Statement .  As such, the Court

finds that Trustee could have raised his current arguments in the Opposition to the

Motion to Strike.

Second, the Court finds that Trustee has failed to set forth binding authority that

disallows the adjudication of a motion to strike based on affirmative defenses.  For

instance, Trustee cites to *Podobedov v. Living Essentials* to demonstrate a court's

unwillingness to grant a motion to strike.  While Trustee accurately states that the

*Podobedov* court observed that "it may be reversible error to strike claims from a

pleading merely because such claims fail as a matter of law," this does not demonstrate

to this Court that the motion to strike, in this case, was inappropriate.  In *Podobedov,*

the defendants asked the court to strike allegations but the request to strike the

allegations was not based on affirmative defenses, as in this case.  Thus, the

*Podobedov* court ruled that defendants did not carry their burden to demonstrate the

allegations were spurious.  *Podobedov v. Living Essentials,* 2012 U.S. Dist. LEXIS

91392, *9 (C.D. Cal. March 21, 2012).

Moreover, the assertion that the Defendants and the Court have failed to cite to a

case where a Rule 12(f) motion was utilized to adjudicate affirmative defenses does not

necessarily restrict this Court from granting the motion to strike as the Court finds the

affirmative defenses applicable in the instant case.  Here, Trustee cites to various cases

where in pari delicto and unclean hands were adjudicated within a motion to dismiss or

summary judgment motion, and not a motion to strike, in an effort to prove its "clear

error" argument.  While the majority of these cited cases are outside of the 9th Circuit,

the Court notes the Trustee does cite to a few California and Ninth Circuit cases,

including *Uecker.*  However, the Court finds that *Uecker,* despite being decided on a

demurrer, actually supports Defendants' position and does not limit Defendants'

argument on procedural grounds.  Therefore, Trustee's attempts to convince the Court

that it committed clear error in adjudicating the affirmative defenses within the context of

a motion to strike rather than a motion to dismiss or motion for summary judgment is

just not persuasive.

  In this situation, a motion to strike is the proper tool.  The Defendants sought to

dismiss the first three claims for relief as being barred by the statute of limitations and

that was handled in their motion to dismiss.  However, these claims for professional

negligence, etc. were not limited to the preferential payment of Cumberland Packing,

but included allegations of failing to advise Debtors' staff of the key employee incentive

package; then advising that those employees resign after the case converted to Chapter

7; and taking the position that administrative claims would preclude the Committee and

the liquidating trustee from fulfilling their fiduciary duties, (Complaint, ¶¶112, 113, 132,

133).  The Complaint alleges that Defendants overcharged for services and failed to

provide competent services. (Complaint, §§129, 130).  Thus, in both the first and third

claims for relief, the allegation as to the payment of Cumberland Packing is only one of

several complained-of actions. (Complaint, ¶¶111, 131).

Since the Court determined that the Trustee is barred as a matter of law from recovering from Defendants for actions taken concerning the Cumberland Packing payment, there is no other way to excise this immaterial matter.  The broad brush of a motion to dismiss will not reach it; it needs the finer instrument of a motion to strike.

## Can the Affirmative Defense of In Pari Delicto Apply to a Bankruptcy Trustee?

The doctrine of in pari delicto dictates that when a participant in illegal, fraudulent, or inequitable conduct seeks to recover from another participant in that conduct, the parties are deemed in pari delicto and the law will aid neither, but rather, will leave them where it finds them.  *Uecker,* 244 Cal. App. 4th at 792.

In his Reply, Trustee maintains that the "Defendants concede that the Ninth Circuit has not yet resolved the issue of whether the in pari delicto defense is properly invoked against a bankruptcy trustee."  *See* Reply, p. 11.  Trustee's statement is not only misleading, but also inaccurate.  Rather, the Defendants state that "every federal Circuit Court of Appeals that has reached the issue has held that the in pari delicto defense may be invoked against a bankruptcy trustee."  *See* Defendants' Opposition, p. 19.  Moreover, Defendants cite to various federal courts in the Ninth Circuit that have applied the in pari delicto defense to bankruptcy trustees, including the *Uecker* case. *Uecker,* 527 B.R. 351, 368 (N.D. Cal. 2015).

Here, the Complaint delineates much pre-petition wrongful conduct.  Specifically relating to the instant Motion is the wrongdoing related to the Cumberland preference payment. As this Court remarked in its Memorandum re Defendants' Motion to Strike

1  pursuant to Fed. R. Civ. P. 12(f) ("Memorandum"):

2
3       "The wrongdoing allegations in connection with the Cumberland payment arise
        from a settlement agreement between Debtor KSL and Cumberland, which
4       existed prior to the retention of LGB.  Under the terms of the settlement
        agreement, Mr. Liebowitz and Mr. Cohen, owners of KSL and the only two
5       members of its Board, would be personally liable if KSL did not pay.  The
        Complaint alleges that there was a preferential payment made on the eve of
6       bankruptcy, that LGB was negligent in advising that the payment be made, and
        that the payment was made solely to benefit these insiders."
7
   Memorandum, dkt. 83, p. 6.
8

9       The Complaint admits to wrongful conduct and therefore there is no triable issue

10 of fact as to whether a wrongdoing was committed.  This is abundantly clear.

11 Therefore, the Court is faced with a question under the law as to whether a bankruptcy

12 trustee stands in the shoes of a wrongdoer.

13
        Trustee propounds that the question of the applicability of the in pari delicto
14
   affirmative defense to a bankruptcy trustee is unsettled and that the Court clearly erred
15
16 in resolving this unsettled question.  *See* Reply, pgs. 11-12;  *Also see, Huntsberger v.*

17 *Unpqua Holdings Corp. (In re Berjac of Oregon),* 538 B.R. 67, 86-87 (D. Ore. 2015).  As

18 such, the Trustee contends reconsideration is warranted.

19
        While the Court agrees that the *Huntsberger* court refused to apply in pari delicto
20
21 against the bankruptcy trustee specifically stating there is "no binding authority to

22 support the application," the Court finds that under California case law, as well as in

23 every other circuit court of appeals which has considered this issue, in pari delicto may

24 be applied to a bankruptcy trustee.  In *Uecker,* the California Court of Appeal disagreed

25 with the trustee's argument that, assuming in pari delicto would bar claims if asserted by

26 the debtor, the doctrine does not bar claims when asserted by the bankruptcy trustee

27 suing on behalf of the debtor's bankruptcy estate.  The *Uecker* court, citing to *Peregrine*

28 *Funding,* explained "a bankruptcy trustee succeeds to claims held by the debtor as of

the commencement of bankruptcy.  11 U.S.C. § 541(a)(1).  Section 541 of the

Bankruptcy Code thus requires that courts analyze defenses to claims asserted by a

trustee as they existed at the commencement of bankruptcy, and later events (such as

the ouster of a wrongdoer) may not be taken into account.  *Uecker,* 244 Cal. App. 4th at

794.  In the context of an unclean hands defense, this means a bankruptcy trustee

stands in the shoes of the debtor and may not use his status as an innocent successor

to insulate the debtor from the consequences of its wrongdoing.  *Id.*

Further, the district court in *Uecker* provided:

Although the Ninth Circuit has not directly addressed the issue, every circuit to
have considered the question has held that a defendant "sued by a trustee in
bankruptcy may assert the defense of *in pari delicto,* if the jurisdiction whose law
creates the claim permits such a defense outside of bankruptcy." *Peterson v.
McGladrey & Pullen, LLP,* 676 F.3d 594, 598–99 (7th Cir.2012); *see also Picard
v. JPMorgan Chase Bank & Co. (In re Bernard L. Madoff Inv. Sec. LLC),* 721
F.3d 54, 63–65 (2d Cir.2013), *cert. denied sub nom.  Picard v. HSBC Bank PLC,*
—— U.S. ——, 134 S.Ct. 2895, 189 L.Ed.2d 832 (2014); *Baena v. KPMG LLP,*
453 F.3d 1, 6–10 (1st Cir.2006); *Official Comm. v. R.F. Lafferty & Co.,* 267 F.3d
340, 354–60 (3d Cir.2001); *In re Derivium Capital LLC,* 716 F.3d 355, 366–69
(4th Cir.2013); *Terlecky v. Hurd (In re Dublin Sec., Inc.),* 133 F.3d 377, 380 (6th
Cir.1997); *Grassmueck v. Am. Shorthorn Ass'n,* 402 F.3d 833, 836–42 (8th
Cir.2005); *Sender v. Buchanan (In re Hedged–Invs. Assocs.),* 84 F.3d 1281,
1285 (10th Cir.1996); *Official Comm. v. Edwards,* 437 F.3d 1145, 1152 (11th
Cir.2006).

The Ninth Circuit has not addressed, in a published opinion, the applicability of
the *in pari delicto* doctrine to claims brought by a liquidating trustee. However, in
an unpublished decision, the Ninth Circuit affirmed a decision by Judge Chesney
of this Court in which she held that the *in pari delicto* defense could be asserted
against a bankruptcy trustee because "[w]here, as here, a bankruptcy trustee
files claims on behalf of the bankruptcy estate, § 541(a)(1) ... provides that the
trustee's rights are no greater than the rights of the debtor." *In re Crown Vantage,
Inc.*, No. 023836 MMC, 2003 WL 25257821, at *6 (N.D.Cal. Sept. 25, 2003), *aff'd
Crown Paper Liquidating Trust v. Pricewaterhousecoopers LLP,* 198 Fed. Appx.
597 (9th Cir.2006) ("We affirm for the reasons set forth in the well-reasoned
district court orders filed on September 25, 2003, July 12, 2004, March 28, 2005
and March 30, 2005, in this consolidated appeal."), *cert. denied, Crown Paper*

*Liquidating Trust v. PricewaterhouseCoopers,* 549 U.S. 1253, 127 S.Ct. 1381, 167 L.Ed.2d 160 (2007).

*In re Crown Vantage, Inc.*, involved claims brought by a liquidating trustee against numerous defendants arising out of the alleged fraudulent looting of a corporation. Judge Chesney held that the defendants could assert the *in pari delicto* defense against claims brought by the trustee:

> As explained in [*Sender v. Buchanan (In re Hedged–Investments Associates, Inc.*), 84 F.3d 1281, 1284–86 (10th Cir.1996) ], when a trustee asserts a claim on behalf of a debtor, the trustee proceeds under 11 U.S.C. § 541(a)(1), which defines the property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." *See Sender,* 84 F.3d at 1285 (citing 11 U.S.C. § 541(a)(1)). *Sender* concluded that § 541(a)(1) "establishes the estate's rights as no stronger than they were when actually held by the debtor," and thus *in pari delicto,* or any other defense available as against the debtor, can be asserted against the trustee. *See id*.
> The legislative history of § 541 lends support for this conclusion: "Though this paragraph [§ 541(a)(1) ] will include choses in action and claims by the debtor against others, it is not intended to expand the debtor's rights against others more than they exist at the commencement of the case. For example, if the debtor has a claim that is barred at the time of the commencement of the case by the statute of limitations, then the trustee would not be able to purse that claim, because he too would be barred."
> H.R. Rep. 95–595, at 367–68, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323.
> *In re Crown Vantage, Inc.,* 2003 WL 25257821, at *6.

*Uecker,* 527 B.R. at 366-367.

Therefore, the Court is not convinced that in pari delicto cannot be applied to the Trustee in this case.  As the Court's Memorandum provides:

> Here, the Trustee's Complaint "establishes that Debtor approved of the $2 million dollar payment to Cumberland.  Complaint, pgs. 12-13.  *Also see, Peregrine Funding,* 133 Cal. App. 4th at 681(Where, as here, a plaintiff's own pleadings contain admissions that establish the basis of an unclean hands defense, the defense may be applied without a further evidentiary hearing.)  Since Trustee stands in the shoes of the Debtor, the Trustee cannot now shield himself against Defendants' properly asserted defenses of in pari delicto and unclean hands in connection with the Cumberland payment."

Memorandum, p. 8.

The real emphasis here is that Section 541(a)(1) applies to bankruptcy trustees and not to receivers.  Thus, the cases that are limited to receivers are not on point.  If Congress wishes to protect the estate from claims of in pari delicto, it need only amend Section 541(a)(1).

Based on the foregoing, the Court finds that it properly applied the affirmative defenses to the Cumberland allegations.

### Does Prejudice Exist for the Defendants?

Trustee argues that the Court failed to find that the Cumberland payment allegations were prejudicial to the Defendants.  Moreover, Trustee contends that there is no "rational basis for concluding that those allegations could prejudice the Defendants."  Motion, p. 26.  The Court, again, disagrees with the Trustee.  While courts often require a showing of prejudice by the moving party before granting a motion to strike, ultimately whether to grant a motion to strike lies within the sound discretion of the court.  *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.,* 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

Here, if the allegations are not stricken, Defendants will undoubtedly suffer prejudice.  For example, Defendants will be forced to incur additional and significant expense and time with respect to the discovery that will certainly be propounded by Trustee.  The Court has determined that the Cumberland payment allegations cannot support Trustee's state law claims because of the applicability of the affirmative defenses of in pari delicto and unclean hands.  As these allegations are barred by the affirmative defenses, the Trustee's argument regarding lack of prejudice on the Defendants cannot prevail.

1      For the reasons stated, the Trustee has not persuaded the Court that there has

2  been clear error in its ruling regarding the Motion to Strike and therefore,

3  reconsideration is denied.  *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th

4
5  Cir. 2000) (reconsideration must be "used sparingly in the interests of finality and

6  conservation of judicial resources").

7

8      ###

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24          Date: June 21, 2016

25                              Geraldine Mund
                            United States Bankruptcy Judge

26

27

28